963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Harold HENDERSON, Appellant,
v.
Danny HEFLIN, Captain; R. Bailey, Sgt., Appellees.
 No. 91-3693.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 21, 1992.
Filed: May 27, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harold Henderson, an Arkansas prisoner, appeals from an order of the magistrate judge[1] dismissing his 42 U.S.C. § 1983 suit following a hearing. We affirm.
 
 
 2
 Henderson, a prisoner at the Tucker Maximum Security Unit of the Arkansas Department of Correction (Unit), brought this suit against Captain Danny Heflin and Sergeant Ronnie Bailey, prison officers at the Unit. Henderson alleged that defendants denied him exercise, showers, and notary service in retaliation for filing lawsuits and assisting other inmates in doing so. The magistrate judge held an evidentiary hearing at which Henderson, two fellow inmates, and the two defendants testified. Henderson testified that after he attended a court hearing on August 4, 1989, which involved a civil suit against the former Unit warden, Bailey denied him exercise, showers, and notary service at certain times in retaliation for filing lawsuits and helping other inmates with their legal work. He testified that Bailey and Heflin had told him he would not receive exercise as long as he continued to litigate and give legal assistance to other inmates. Defendants presented testimony and prison logbook entries contradicting Henderson's testimony. At the conclusion of the hearing, the magistrate judge stated that defendants' exhibits and testimony had cast enough doubt on Henderson's testimony that the magistrate judge could not find Henderson had proved his retaliation claim by a preponderance of the evidence. The magistrate judge made the specific finding that Bailey's failure to allow Henderson exercise on a particular day did not establish retaliation. Henderson now asks us to find that the magistrate judge erred.
 
 
 3
 "Prison officials may not retaliate against an inmate for exercising constitutional rights." Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam). Prison inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 823-24 (1977). The magistrate judge's factual findings, however, may not be set aside unless they are clearly erroneous, see Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985), and findings based on determinations regarding witness credibility require even greater deference. Anderson, 470 U.S. at 575. When the finding is based on a decision "to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Id.
 
 
 4
 After our careful review of the record, we conclude that the magistrate judge's finding was not clearly erroneous and that he did not err in concluding Henderson had not proved his retaliation claim by a preponderance of the evidence. We have reviewed Henderson's remaining arguments on appeal and conclude they lack merit.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HENRY L. JONES, JR., United States Magistrate Judge for the Eastern District of Arkansas, to whom the parties referred this matter for disposition under 28 U.S.C. § 636(c)