972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Ann STEFFEN, Plaintiff-Appellant,
v.
James ROWLAND, Defendant-Appellee.
 No. 91-15887.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 23, 1992.*
Decided Aug. 14, 1992.
 
 Before CANBY, REINHARDT and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Terry Ann Steffen (Steffen) is the wife of John Steffen, who is incarcerated at the California Correctional Institution (CCI) at Tehachapi. Steffen submitted a pro se § 1983 action for filing on March 7, 1989, challenging visitation conditions at CCI: her original complaint named as defendants James Roland, Director of the California Department of Corrections, and B.J. Bunnell, Leo Estes, Ron Williams, and Correction Officer Rodriguez, all of whom were in positions of authority at CCI. She alleges in her complaint that Acting Sergeant Rodriguez implemented new, arbitrary rules in contravention of stated policies and without authorization. She also claims that Rodriguez treated her abusively and threatened to "take it out on her husband" if Terry Steffen questioned her policies. In particular, Steffen alleges that Rodriguez and her staff unreasonably prevented Steffen from bringing in extra money for food, unjustifiably refused to permit her husband to wear a heavy coat in the visitation room despite cold temperatures, denied her reasonable contact with her husband, and interfered with and eavesdropped on Steffen's visits without authority. Steffen claims that defendants' conduct violates her First Amendment right to seek redress, her Fourth Amendment right to be free from unreasonable searches or seizures, her Eighth Amendment rights, and her Fourteenth Amendment right to due process and equal protection.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(a), Steffen was granted in forma pauperis status on March 7, 1989. According to § 1915(c), the "officers of the court shall issue and serve all process ... in such cases." Nevertheless, on March 29, 1989, Steffen mailed the complaint and summons to the defendants herself. On May 30, 1989, the district court informed Steffen that it was the practice of the court to conduct a frivolousness review before issuing an order for service of a complaint filed in forma pauperis.
 
 
 4
 On July 19, 1989, defendants Bunnell, Estes, Williams, and Rodriguez objected to the sufficiency of Steffen's service by mail on the ground that she did not include two copies of a "Notice and Acknowledgment of Receipt" form or a self-addressed, postage-prepaid return envelope as required by Fed.R.Civ.P. 4(c)(2)(C)(ii). On September 19, 1989, the district court granted the motion. Steffen then filed a series of motions and appeals, including one seeking to vacate that decision. On August 7, 1989, Steffen moved for default.
 
 
 5
 Steffen also alleges that she re-served the complaint by mail on October 16, 1989 and that the defendants all acknowledged service on November 13, 1989. In support of this, she includes as an exhibit "Notice and Acknowledgment" forms by all the defendants.[1] On November 15, 1989, Steffen attempted to file an amended complaint with the district court. The amended complaint added her husband and four minor children as plaintiffs, added J.S. Stainer as a defendant, and included ten additional paragraphs of factual allegations.
 
 
 6
 On November 20, 1989, the district court again advised Steffen that "[i]t is the practice of this Court to conduct a review for frivolousness in accordance with 28 U.S.C. § 1915(d) before issuing an order allowing service of a complaint or any other order." Although Fed.R.Civ.P. 15(a) states that a party may "amend once as a matter of course at any time before a responsive pleading is served," the district court apparently did not permit the filing of the amended complaint for nearly eighteen months.
 
 
 7
 Then, Steffen filed a motion for default on April 3, 1991; she did so again on May 7, 1991. On May 22, 1991, the district court entered an order filing Steffen's amended complaint. In that same order it dismissed John Steffen from the action,[2] and dismissed Steffen's amended complaint with prejudice as frivolous. Terry Ann Steffen appeals.
 
 
 8
 * Steffen first argues that the district court erroneously denied her motion for a default judgment. We disagree. Steffen was granted in forma pauperis status on March 7, 1989. Pursuant to 28 U.S.C. § 1915(d), the district court indicated on May 20th that it would conduct a frivolousness review of Steffen's amended complaint before issuing service. That action was proper: 28 U.S.C. § 1915(c) states that "[t]he officers of the court shall issue and serve all process" in cases filed in forma pauperis, and a district court may dismiss a complaint filed in forma pauperis as frivolous prior to ordering service if it so chooses. See Neitzke v. Williams, 490 U.S. 319, 324, (1989) ("Dismissals .. [for frivolousness] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir.1984) ("[A] court may dismiss a frivolous in forma pauperis action before service of process pursuant to the in forma pauperis statute, 28 U.S.C. § 1915(d).").
 
 
 9
 However, the district court did not just delay service; it also refused to permit the filing of Steffen's complaint for almost two years. No complaint was filed until May 22, 1991, at which time her amended complaint was filed and dismissed as frivolous. The delay in filing was unjustified. Although 28 U.S.C. § 1915(d) authorizes a district court to review a complaint filed in forma pauperis for frivolousness prior to issuing an order for its service, it does not authorize the court to delay filing of a complaint pending such a review. Complaints should be filed when received by the court, unless they are defective as to form.[3]
 
 
 10
 Although the district court erred by failing to file Steffen's complaint in a timely manner, the defendants were not the cause of that error. Indeed, the district court's failure to file is relevant to Steffen's motion for a default judgment precisely because it excuses the defendants' failure to file an answer to Steffen's not-yet-filed complaint. See Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir.1980) (reviewing a refusal to enter a default judgment for abuse of discretion); Draper v. Coombs, 792 F.2d 915, 925 (9th Cir.1986) (same). Steffen claims that she served the defendants by mail on October 16, 1989 and that they have failed to answer her complaint for over eighteen months. Compare Fed.R.Civ.P. 12(a) (requiring defendant to "serve an answer within 20 days after the service of the summons and complaint"). Section 1915(c) indicates that the "officers of the court shall issue and serve process," and thus, Steffen's service on the defendants was invalid. The purpose for the court's delaying issuance of service until after a frivolousness review is to avoid prospective defendants' duty to answer to a frivolous complaint. See Neitzke v. Williams, 490 U.S. at 324. Moreover, the defendants in good faith relied on the fact that the district court had stayed the filing of Steffen's complaint pending the outcome of its frivolousness review, and hence, reasonably believed that what they were served with by Steffen in October of 1989 was an unfiled complaint. The district court's refusal to enter default judgment in favor of Steffen therefore was not an abuse of discretion and is affirmed.
 
 II
 
 11
 Steffen next asserts that the district court erred by dismissing her civil rights action as frivolous. She is correct in part.
 
 
 12
 A complaint is "frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. at 325. In a dismissal under § 1915, the district court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Examples of complaints which may be dismissed under § 1915(d) for a lack of arguable basis in facts are those "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328. However, even "the § 1915(d) frivolousness determination, frequently made sua sponte before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992).
 
 
 13
 The district court rejected Steffen's claim that her First Amendment right to seek redress had been violated on the grounds that she had "not been denied access to any forum or grievance procedure." The district court asserted that because Steffen had sought redress in a letter to J.S. Stainer, Chief Deputy Superintendent, on November 28, 1988 and had received a lengthy reply from him on December 5, 1988, her rights were not violated. However, as the court itself acknowledged, Steffen's complaint clearly alleged a threat if she sought to petition the government for redress:
 
 
 14
 On November 24, 1988 defendant Rodriguez made the threat that if plaintiff took this [complaints] to [sic] far it would become personal and she would take it out on my husband.
 
 
 15
 The threat of punishment for exercise of First Amendment rights is sufficient to establish a federal cause of action. See Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir.1982). Steffen's complaint thus is not frivolous on that basis, and this ground is sufficient to warrant reversal in part of the district court's dismissal of Steffen's action.
 
 
 16
 With regard to allegations concerning the Fourth Amendment, we agree that Steffen's complaint was properly dismissed. The CCI legitimately may regulate visitation privileges as a security measure. Steffen has not stated a claim regarding the CCI's diminution of those privileges sufficient to raise a cause of action under the Fourth Amendment, nor do her allegations assert interruption of her visits sufficient to qualify as an illegitimate "search and seizure".
 
 
 17
 The district court properly dismissed Steffen's claim that the defendants violated her Eighth Amendment right to be free from cruel and unusual punishment. That Amendment was "designed to protect only those convicted of crimes," Ingraham v. Wright, 430 U.S. 651, 663 (1977); see also Whitley v. Albers, 475 U.S. 312, 318 (1986), and does not apply to Steffen here.
 
 
 18
 With respect to the Fourteenth Amendment right to due process, we agree that Steffen has not alleged that she was deprived of a liberty or property interest. Most of Steffen's claims relate to her husband's interest in visitation; she has no standing to assert those claims for him. Moreover, Steffen has not alleged that the defendant's actions violated mandatory (as opposed to discretionary) prison regulations and hence that she had a vested liberty or property interest in those privileges. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461 (1989). Accordingly, the district court properly dismissed Steffen's due process claim.
 
 
 19
 Finally, in order to establish a violation of the equal protection clause, plaintiffs must demonstrate discrimination against them. See Washington v. Davis, 426 U.S. 229, 239 (1976); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir.1987), (citing Burns v. Swenson, 430 F.2d 771 (8th Cir.1970), cert. denied, 404 U.S. 1062 (1972)). Steffen has failed to set forth any facts to show that she has been treated differently from any other similarly-situated person. Indeed, Steffen alleges that Sergeant Rodriguez's conduct was uniformly egregious. Accordingly, the district court's dismissal of Steffen's claim of violation of the Fourteenth Amendment Equal Protection clause was proper.
 
 
 20
 We affirm the district court's refusal to grant Steffen a default judgment, reverse the dismissal of her action in part, and remand for further proceedings consistent with this opinion. Each party will bear its own costs on appeal.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21
 
 
 [1]
 The defendants do not dispute that such service was performed, although neither do they admit it
 
 
 [2]
 Steffen does not appeal that dismissal: John Steffen is involved in a similar pending civil rights action in which he and two other inmates raise some of the identical issues raised here
 
 
 [3]
 The plain language of § 1915(d) grants the district court only the power to dismiss a frivolous complaint. See 28 U.S.C. § 1915(d). The complaint must then be served within 120 days of filing. See Fed.R.Civ.P. 4(j). The district court's delay of almost two years was excessive. See In re Funkhouser, 873 F.2d 1076, 1077 (8th Cir.1989)