79 F.3d 701
 Nathanial L. BURGS, Appellant,
v.
JOHNSON COUNTY, IOWA; Bob Carpenter, Johnson County Sheriff
Department; Johnson County Jail; Sgt. Wagner, Johnson
County Jail Administrator; 3 Unknown Female Control Room
Operators; Sue Koshatra, Johnson County Deputy Sheriff;
Deputy Sheriff Richardson, Johnson County; Hipple, Johnson
County Deputy Sheriff; David Bell, Deputy Sheriff Johnson
County; Dr. Bozek, County Coroner; Bell, Johnson County
Deputy Sheriff; Robert Carpenter; Sue Koshatka, Appellees.
 No. 95-1658.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 5, 1996.
Decided Feb. 29, 1996.
 
 Appeal from the United States District Court for the Southern District of Iowa; Harold Vietor, Judge.
 Patricia M. Hulting, Des Moines, IA, for appellant.
 J. Patrick White, Iowa City, IA, for appellee.
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Iowa inmate Nathanial Burgs appeals the district court's[1] grant of summary judgment to the county and its jail officials in his 42 U.S.C. § 1983 action. We dismiss this appeal for lack of jurisdiction.
 
 
 2
 Burgs's allegations arose out of incidents occurring while Burgs was held in Johnson County Jail as a pretrial detainee and parole violator. Both parties moved for summary judgment. The district court, accepting Burgs's facts as true, granted defendants' motion for summary judgment and denied Burgs's motion. The district court's order was entered on January 25, 1995.
 
 
 3
 The record indicates that the final order and judgment were mailed to Burgs's counsel. On February 27, three days after the filing deadline had passed, Burgs filed pro se a notice of appeal and request for appointment of counsel, which was signed and dated February 22. Burgs stated in his notice of appeal that he did not receive from his attorney notice of the January 23 judgment until February 22.
 
 
 4
 We granted Burgs's motion for appointment of counsel, appointed the same counsel as represented Burgs below, and directed the parties to "include in their briefs consideration of jurisdictional issues, namely whether Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (Houston ), and Hamm v. Moore, 984 F.2d 890 (8th Cir.1992), apply to an appellant who was represented by counsel in the district court, and whether appellant Burgs's notice of appeal was timely filed."
 
 
 5
 In Houston, the Supreme Court held that a pro se prisoner's notice of appeal is timely filed upon delivery to prison authorities for forwarding to the court. 487 U.S. at 276, 108 S.Ct. at 2385. The Court's decision was premised on the plight of an inmate who proceeded pro se in the district court, lost, and then sought to appeal without the benefit of counsel. The Court explained that "the moment at which pro se prisoners necessarily lose control over and contact with their notices of appeal is at delivery to prison authorities, not receipt by the clerk." Id. at 275, 108 S.Ct. at 2384. We conclude that Burgs is not entitled to the benefit of Houston because he was represented by counsel and thus in the same position as other litigants who rely on their attorneys to file a timely notice of appeal. See United States v. Kimberlin, 898 F.2d 1262, 1265 (7th Cir.), cert. denied, 498 U.S. 969, 111 S.Ct. 434, 112 L.Ed.2d 417 (1990).
 
 
 6
 A timely notice of appeal is mandatory and jurisdictional. See Vogelsang v. Patterson Dental Co., 904 F.2d 427, 429 (8th Cir.1990). Without the benefit of Houston, Burgs's notice of appeal was untimely filed. See Fed.R.App.P. 4(a); Campbell v. White, 721 F.2d 644, 645-46 (8th Cir.1983) (notice of appeal filed two days late still untimely; untimely notice of appeal cannot serve as a motion for extension of time to file appeal). Accordingly, we dismiss. See 8th Cir.R. 47A(a).
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa