**DANIEL FARMS, et al., Plaintiffs,**

v.

**Mike ESPY, Secretary of Department of Agriculture, Defendants.**

**No. 1:94CV 54 SNL.**

United States District Court,
E.D. Missouri,
Southeastern Division.

June 27, 1996.

---

Thomas A. Ludwig, Buerkle and Beeson, Jackson, MO, for Plaintiffs.

Michael A. Price, Asst. U.S. Attorney, Office of U.S. Attorney, Cape Girardeau, MO, for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on cross motions for summary judgment. The case comes to this Court as an appeal of an administrative decision to accelerate the Plaintiffs' delinquent Farmers Home Administration loans. The Court has jurisdiction for the limited purpose of determining if the record developed below was sufficient to support the decision or whether its insufficiency renders the decision arbitrary and capricious.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the

benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

■ The case involves loans which were accelerated by the Farmers Home Administration when the Plaintiffs became delinquent in the payments. The Secretary performed an analysis of the loans, notified the Plaintiffs of the decision to accelerate, performed a review, an appellate review, and affirmed the administrator's decision to accelerate and foreclose the loan. That is the administrative action which is under review by this Court.

The Plaintiffs allege that the review process was arbitrary and capricious and that they have been denied equal protection under the statute that has been afforded other farmers who are similarly situated. The crux of the appeal is that the loans were improperly accelerated and that the Plaintiffs have not been afforded a 1951–S review and subsequent restructuring.

The Secretary's position is that the acceleration was within established guidelines and that the Plaintiffs were allowed a review. When the Plaintiffs did not file the completed paperwork within the statutorily allotted time period, however, they lost those opportunities.

The lower panels reviewed the files and affirmed the decision of the original operating officer who made the decision to accelerate the loan. The first case, 93003362E, involved over three thousand dollars which was in arrears because the Plaintiffs had not made any payment for over four years. The second case, 94000071E, was based on the Plaintiff's failure to file his loan restructuring within the required time frame.

■ The procedures established for each one of these actions is codified in FmHA Instructions which are established through the statutory authority given to the Secretary. The Court reviews the promulgated regulations and the actions of the agency staff to ensure that the agency has not abused the power that has been delegated to it. The standard for abuse of agency discretion was set out in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984).

With the complete record before the Court, it is clear that the agency did not abuse its discretion and apply the statute in a capricious manner against the Plaintiffs. The Plaintiffs were given an opportunity to make payments on the note but they did not do that for several years. When they were given a final opportunity to apply for a restructuring, they did not complete the application in a timely manner. The agency acted within the statute and its promulgated guidelines. There is no evidence before the Court to indicate that the action was improper.

■ Further, the Plaintiffs claim that there is an equal protection violation is totally without support. Although the Plaintiffs may have put forth the name of an individual who they think may have been given the 1951–S computer analysis, they have not shown that he was similarly situated. *Flittie v. Solem,* 827 F.2d 276 (8th Cir.1987). The Plaintiffs have failed to demonstrate in any way that they have been accorded treatment invidiously dissimilar from that accorded to others similarly situated.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs Motion for Summary Judgment is **DENIED.**

**IT IS FINALLY ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED.**