# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1747

_____

Boaz Rafaeli,

        Appellant,

    v.

State of Missouri; St. Louis County; Public Defender's Office, St. Louis County; Mary Beth McMahon; Lawrence Kendrick, Honorable; Calzona J. Hall, Director Adult Correctional Institution, County of St. Louis; Prosecuting Attorney, St. Louis County; Shawn Goulet, individually and in his official capacity as Public Defender of St. Louis County MO; Robert McCulloch, individually and in his official capacity as Prosecuting Attorney for the County of St. Louis MO; Karen Murphy, individually and in her official capacity as Assistant Prosecuting Attorney for St. Louis County MO; John/Jane Doe, and all other unknown and unnamed Defendants,

        Appellees.

Appeal from the United States District Court for the Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: January 5, 2001
Filed: January 29, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Boaz Rafaeli appeals following the District Court's[1] denial of his motion for reconsideration under Federal Rule of Civil Procedure 60(b), which he filed after the Court dismissed with prejudice his civil rights action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Rafaeli had thirty days from January 12, 2000, in which to appeal the order dismissing his action, as his reconsideration motion was filed more than ten days after the January 12 entry of the dismissal order. See Fed. R. App. P. 4(a)(1)(A), (4)(A)(vi) (notice of appeal (NOA) must be filed with district clerk within thirty days of entry of judgment or order appealed from; time for filing is tolled when Rule 60(b) motion is filed within ten days of judgment's entry). However, his NOA was filed on February 23, and thus was timely only as to the February 15 denial of his motion for reconsideration. Accordingly, we lack jurisdiction to review the January 12 dismissal order. See Burgs v. Johnson County, Iowa, 79 F.3d 701, 702 (8th Cir. 1996) (per curiam) (holding that timely NOA is mandatory and jurisdictional); Gaines v. Nelson (In re Gaines), 932 F.2d 729, 731 (8th Cir. 1991) ("Every federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction."); Sanders v. Clemco Indus., 862 F.2d 161, 169 (8th Cir. 1988) (finding that appeal from denial of Rule 60(b) motion does not raise underlying judgment for review).

_____

[1]The Honorable Terry I. Adelman, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

Because Rafaeli asserted none of the enumerated grounds for granting Rule 60(b) relief and failed otherwise to show exceptional circumstances justifying such relief, the District Court did not abuse its discretion in denying Rafaeli's reconsideration motion. See Fed. R. Civ. P. 60(b); Sanders, 862 F.2d at 169 & n.14 (setting out standard of review and summarizing grounds for granting Rule 60(b) relief). We also find no abuse of discretion in the District Court's denial of his simultaneous motion for appointment of counsel. See Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir.), cert. denied, 506 U.S. 1021 (1992).

We deny Rafaeli's motion for oral argument.

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.