# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3386

_____

Richard Allen Schmidt,                          *
                                                *
            Appellant,                          *
                                                *
      v.                                        *   Appeal from the United States
                                                *   District Court for the
Mike Kenney; Larry Wayne; Harold                *   District of Nebraska.
Clarke; Sharon Lindgren; Jeff Uttecht;          *
Mousa Drammeh; Scott Hooper; John               *   [UNPUBLISHED]
Munoz; Mike Salomons; Rex Richard;              *
Kyle Poppert; Larinda Parker; Georgia           *
Oehlert; Ron Limbeck; Candace Hanes;            *
Jane Grabenstein-Chandler; Cheryl               *
Flinn; Donn Beaver,                             *
                                                *
            Appellees.                          *

_____

Submitted: September 15, 2004
    Filed: September 20, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Former Nebraska inmate Richard A. Schmidt seeks to appeal from the district court's dismissal of his 42 U.S.C. § 1983 action in which he claimed deliberate indifference to his serious medical needs. Having carefully reviewed the record, we

dismiss the appeal as untimely.  See <u>Krein v. Norris</u>, 250 F.3d 1184, 1187 (8th Cir. 2001) (jurisdiction will be raised sua sponte when there is indication it is lacking, even if parties concede issue).

Schmidt did not timely file his notice of appeal (NOA), because he filed it 47 days after the district court entered judgment, <u>see</u> Fed. R. App. P. 4(a)(1) (in civil case where agency of United States is not party, NOA must be filed within 30 days of district court's entry of judgment); and the district court had no authority to extend the NOA filing deadline absent a motion by Schmidt, <u>see</u> Fed. R. App. P. 4(a)(5) (district court may extend time to file NOA based on excusable neglect or good cause "upon motion filed" no later than 30 days after deadline for filing NOA); <u>Campbell v. White</u>, 721 F.2d 644, 645 (8th Cir. 1983) (Rule 4(a)(5) clearly and unambiguously requires motion, and late-filed NOA may not be considered extension motion).

Accordingly, we dismiss the appeal.  See <u>Burgs v. Johnson County, Iowa</u>, 79 F.3d 701, 702 (8th Cir. 1996) (per curiam) (timely NOA is jurisdictional).

_____