746 F.2d 429
 EDUDATA CORPORATION, Plaintiff,
v.
SCIENTIFIC COMPUTERS, INC., Hubert H. Humphrey III, and
Michael A. Hatch, Defendants.
SCIENTIFIC COMPUTERS, INC., Plaintiff,
v.
EDUDATA CORPORATION, Shamrock Associates, Sun Equities
Corporation, Paul Koether, and Natalie Koether, Defendants.
 No. 84-5181.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 8, 1984.
Decided Oct. 12, 1984.
 
 Robert J. Sheran, Minneapolis, Minn. and Theodore Altman, New York City, for Edudata Corp.
 Roger Magnuson, Minneapolis, Minn. and Barry Greller, St. Paul, Minn., for Scientific Computers.
 Before ARNOLD, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edudata Corporation, which wishes to acquire the stock of Scientific Computers, Inc., brings this appeal from two related orders of the District Court:[1] (1) an order denying Edudata's motion for a temporary restraining order to prevent the enforcement of the Minnesota Take-Over Act, 1984 Minn.Laws Ch. 488, to be codified as Minn.Stat.Ann. Chs. 80B, 302A; and (2) an order granting Scientific Computers' motion for a temporary restraining order suspending Edudata's tender offer for the stock of Scientific Computers (SCI).
 
 
 2
 The appeal from the denial of Edudata's motion for a temporary restraining order is dismissed for want of jurisdiction. The grant or denial of such orders is ordinarily not appealable. Edudata will have a full opportunity to press its claim that the recently enacted state statute is unconstitutional at the hearing on the parties' motions for preliminary injunctions, scheduled for October 17, 1984.
 
 
 3
 As for the order (captioned a temporary restraining order) suspending Edudata's tender offer, we agree with Edudata that it is in substance a preliminary injunction and is therefore appealable. The order on its face is to last more than the ten days to which temporary restraining orders are initially limited by Fed.R.Civ.P. 65(b). But our review of such orders is doubly circumscribed. Not only are the District Court's findings of fact binding on us unless clearly erroneous; we may not disturb that court's balancing of the equities absent an abuse of discretion. The District Court found that the balance of hardship tipped in favor of SCI. On this record, we have no definite and firm conviction that this finding is mistaken. Nor do we see here any abuse of discretion.
 
 
 4
 Edudata points out (correctly) that the District Court made no finding as to likelihood of success on the merits. Certainly such a finding is a normal incident of rulings on motions for preliminary equitable relief. But we do not understand the chancellor's discretion to be confined so closely that every preliminary injunction not accompanied by such a finding is necessarily an abuse of discretion. The present order is to last only 20 days in all--a period of time for which temporary restraining orders may last, for good cause shown. An evidentiary hearing on the issue of further injunctive relief will take place on October 17, just a few days from now. We are confident that the injunction against Edudata's tender offer will neither be renewed nor denied at that time without full and careful findings. See Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981) (en banc).
 
 
 5
 We intimate no view on this appeal as to the validity of the Minnesota Take-Over Act. We read the District Court's order suspending the tender offer as based on the Williams Act, 15 U.S.C. Secs. 78m(d)-(e), 78n(d)-(f) (1976), and not on state law.
 
 
 6
 Because of the exigencies of time typically involved in tender-offer cases, we expedited this appeal. We are indebted to counsel for all parties and for the amicus curiae for their herculean labors, which have been of great assistance. Also because of the shortness of time, we forego a full opinion.
 
 
 7
 Dismissed in part, affirmed in part.
 
 
 
 [1]
 The Hon. Diana E. Murphy, United States District Judge for the District of Minnesota