**ST. JUDE MEDICAL, INC., Appellee,**

v.

**CARBOMEDICS, INC., and Intermedics, Inc., Appellants.**

**Nos. 84–5187, 84–5237 and 85–5017.**

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1985.

Decided June 10, 1985.

Edwin McCabe, Boston, Mass., for appellants.

R. Walter Bachman, Minneapolis, Minn., for appellee.

Before ARNOLD and BOWMAN, Circuit Judges, and REGAN,* Senior District Judge.

PER CURIAM.

These three appeals bring before us three orders of the District Court granting various forms of preliminary injunctive relief. The principal claim involved is brought by St. Jude Medical, Inc., a Minnesota corporation which assembles and markets mechanical heart valves. St. Jude claims that defendant CarboMedics, Inc., a Texas corporation which processes and sells pyrolytic carbon, a component of heart valves, is in breach of a contract under which it agreed to furnish compo-

---

* The Hon. John K. Regan, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

nents to St. Jude. Intermedics, Inc., is the parent corporation of CarboMedics, Inc. On October 10, 1984, the District Court[1] granted St. Jude's motion for a preliminary injunction and ordered CarboMedics to continue supplying St. Jude with the needed components until the case could be tried on its merits. From this order comes the first of the above-captioned appeals, the one in No. 84–5187. The second appeal, No. 84–5237, comes from the District Court's order of November 28, 1984, in which the requirements of the preliminary injunction previously granted were made more definite. This second order was entered in partial response to a motion of CarboMedics to vacate, stay, or modify the first order.

On December 13, 1984, a panel of this Court heard an expedited oral argument on CarboMedics' motion to stay these two orders pending its appeals or, in the alternative, to expedite the appeals and set them down for accelerated briefing and argument on their merits. The next day we directed the District Court to modify its previous orders in such a way as to reduce the possibility that CarboMedics would be irreparably injured by them if it should turn out, after trial and decision on the merits, that preliminary injunctive relief had been improvidently granted. We required St. Jude to make available to CarboMedics a loan of one million dollars to help it buy equipment it said it needed to supply St. Jude's needs. We also required St. Jude to pay CarboMedics a sufficient price for any components sold pursuant to the preliminary injunction to provide it a profit per unit equal to the profit it had been making under the disputed supply contract. We denied CarboMedics' motion to expedite the appeals. *St. Jude Medical, Inc. v. Intermedics, Inc.,* Nos. 84–5187, 84–5237 (8th Cir. Dec. 14, 1984) (order). On

remand, the District Court[2] modified the previous orders in accordance with our directions and granted certain other relief to enforce concretely the obligations previously laid upon CarboMedics. From this order comes the third appeal, No. 85–5017.

After full briefing and oral argument, we now affirm all three of the orders appealed from. We are satisfied that the District Court permissibly weighed the factors relevant to preliminary injunctive relief set out in *Dataphase Sys., Inc. v. C.L. Sys., Inc.,* 640 F.2d 109, 113 (8th Cir.1981) (en banc). The Court's view of the facts, though certainly not the only permissible view, was not implausible, and we may therefore not disturb it. *Anderson v. City of Bessemer City,* — U.S. —, —, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). We repeat what we recently said in another appeal from the grant of preliminary injunctive relief:

> [O]ur review of [preliminary injunctions] is doubly circumscribed. Not only are the District Court's findings of fact binding on us unless clearly erroneous; we may not disturb that court's balancing of the equities absent an abuse of discretion. The District Court found that the balance of hardship tipped in favor of [St. Jude]. On this record, we have no definite and firm conviction that this finding is mistaken. Nor do we see here any abuse of discretion.

*Edudata Corp. v. Scientific Computers, Inc.,* 746 F.2d 429, 430 (8th Cir.1984) (per curiam).

In this case, moreover, there is still a third reason for appellate restraint. The substantive law on which the District Court's preliminary injunction is based is the common law of Minnesota. The complaint also asserts other theories, some based on federal law,[3] but the District

---

1. The Hon. Diana E. Murphy, United States District Judge for the District of Minnesota.

2. The Hon. Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting during Judge Murphy's temporary absence.

3. At oral argument we gathered that a motion for leave to amend the complaint further to assert a federal antitrust claim may be pending in the District Court. Whether to allow the amendment is within that court's discretion, and we express no view on that issue. We observe, though, that if the amendment is al-

Court's orders rest only on the breach-of-contract theory. On questions of the law of their own states we normally defer to the views of the district courts, and there is no reason to depart from that salutary practice here.

The most powerful argument against the injunction that CarboMedics makes is that it inevitably involves the courts rather substantially in the day-to-day business affairs of the parties. This is a factor deserving some weight. It is not sufficient in the present case to persuade us that the District Court has abused its discretion, for two reasons. First, the District Court is itself keenly aware of the advisability of avoiding excessive judicial entanglement in business details. Precisely for that reason, among others, it has recently refused St. Jude's motion for additional and more detailed interim relief. *St. Jude Medical, Inc. v. Intermedics, Inc.*, 611 F.Supp. 96, —— – —— (D.Minn.1985) (Murphy, J.). Second, this case will be tried on its merits soon (assuming some portion of the complaint survives defendants' motion for summary judgment), and defendants, if they prevail, will be made whole, or nearly so, because most if not all of the injury that the preliminary injunction may have done them is compensable in money. It is for the District Court, not us, to manage its own docket, but we believe this case should be tried no later than July or August of this year.

Affirmed.[4]

---

lowed, the trial setting should not on that account be postponed.

---

4. Appellants' motion to expand the record further is granted, and we have considered the materials tendered along with the motion.