Samuel C. HAMM; William Cooper; Larry Schaal, Appellants,

James E. Bowman, Plaintiff,

Michael E. Cunningham, Appellant,

Bobby Lane, Plaintiff,

Allen McCarter, Appellant,

Donald Harden, Plaintiff,

Donald L. Dixon, Appellant,

Stanley E. Hay, Plaintiff,

Edward H. Pennington; Alex A. Mason, Appellants,

Maxwell Johnson; Cleophus Parker, Intervenors,

v.

Michael GROOSE; Dick Moore; Donald Cline, III; Dave Dormire; Robert Acree; Gerald Bommel; Waheed Jawadi; Cecilroy Pettus; Earl Halderman; John I. Doe, Caseworkers Assigned to 3–C Segregation; — Swicord; Boyd, Lt., Appellees.

No. 93–2387.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 28, 1993.

Decided Jan. 28, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 22, 1994.

---

Appellants were not represented.

Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, MO, argued, for appellees.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Samuel C. Hamm, Larry Schaal, William Cooper, Donald L. Dixon, Michael E. Cunningham, Allen McCarter, Edward H. Pennington, and Alex A. Mason (appellants) appeal from the final order entered in the United States District Court[1] for the Western District of Missouri, dismissing their amended 42 U.S.C. § 1983 complaint against thirty-four prison officials. They also appeal the district court's order denying several motions for temporary restraining orders and preliminary injunctions. For the reasons discussed below, we affirm.

In an amended complaint, fourteen inmates (plaintiffs) who were law clerks, jailhouse lawyers, or law library workers, filed this action asserting twenty-one claims of constitutional violations at the Jefferson City Correctional Center, principally concerning a denial of access to the courts. One group of claims related to plaintiffs' inability to provide inmates housed in the closed housing units with meaningful legal assistance.

A second group of claims related to defendants' interference with plaintiffs' access to the law library to work on their own cases. In addition, plaintiffs claimed they received several conduct violations in retaliation for their legal activities and were denied due process during their disciplinary hearings. They also claimed the grievance policy was changed to moot their grievances and they were denied equal protection by not receiving pay raises. The last group of claims were against prison managers and supervisors for failing to correct the law library problems, for failing to properly train and supervise employees, and for failing to implement an adequate law library policy.

Defendants moved to dismiss the complaint. Pre-trial motions were referred to a magistrate judge. Plaintiffs jointly, and four individual plaintiffs separately, also filed motions for temporary restraining orders, seeking to enjoin defendants from disciplining them and reassigning them from their jobs in retaliation for their legal activities. Defendants responded to the TRO motions, stating that plaintiffs received due process in their disciplinary proceedings, there was a basis in fact for the findings of the disciplinary committees, plaintiffs had no particular right to their jobs, and they were not reassigned in retaliation.

The magistrate judge called a conference to consider the various TRO motions. The magistrate judge allowed only two of the plaintiffs to attend and advised the other plaintiffs to apprise the two inmates of the facts relating to their pending motions. The magistrate judge further advised the parties that the conference was not an evidentiary hearing. The clerk's minutes of the conference, which lasted about thirty minutes, stated in the "remarks" section that the two plaintiffs' TRO motions were discussed and that "the Court determines that plaintiffs' claims do not merit TRO and all such requests will be denied at this time." The record does not include a transcript of this conference.

In his report, the magistrate judge concluded that, on the basis of the pleadings and the conference, preliminary injunctive relief should be denied as to the two plaintiffs because they did not have a constitutional right to their jobs and they were not denied access to the courts by the law library restrictions. The magistrate judge also concluded that none of the other plaintiffs had set forth sufficient facts to show retaliation or lack of access to the courts to warrant preliminary relief.

All plaintiffs objected, arguing that the magistrate judge overlooked exhibits supporting their claims of retaliation, erred in limiting the representation of plaintiffs' cases at the conference, and erred in not analyzing the four factors in *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). The district court adopted the magistrate judge's report and denied all of the TRO motions.

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

In a separate report, the magistrate judge recommended dismissal of the complaint, concluding that the claims against the supervisors were based on respondeat superior and that plaintiffs did not allege any facts showing personal involvement of the supervisors before they had received grievances. The magistrate judge concluded that plaintiffs did not have standing to bring denial-of-access claims on behalf of other inmates, absent proof that they could not bring their own claims, and that they did not show prejudice with respect to their own cases. The magistrate judge concluded the grievance claim was without merit because the grievance procedure was not constitutionally required and the court could not order the State to comply with its laws unless federal law or the Constitution was violated. In addition, wages for jobs were matters of state property law, and there were adequate state post-deprivation remedies available. Finally, the magistrate judge determined that the equal protection claim failed because law clerks are not a suspect class. The district court adopted the magistrate judge's report over plaintiffs' objections. The district court denied plaintiffs' motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). This appeal followed.

DISMISSAL OF COMPLAINT

■ For reversal, appellants argue the district court failed to use the proper standard in evaluating their complaint. They argue that, because they are challenging the adequacy of the prison law library and those persons allegedly trained in the law, there is no "actual injury" requirement, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989), and that they have standing to assert that defendants have impeded their ability to provide meaningful legal assistance to illiterate inmates. They also argue that the procedure the magistrate judge used to decide the TRO motions denied them due process and fairness and that they were entitled to an evidentiary hearing.

■ In considering a motion to dismiss, the district court must assume that all the facts alleged in the complaint are true. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Whether a complaint states a cause of action is a ques-

tion of law which this court reviews de novo. *See Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). "In judging the propriety of the dismissal of a section 1983 claim under Federal Rule of Civil Procedure 12(b)(6), we are guided by the standard that a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle [the plaintiff] to relief." *Id.*

■ Our cases are clear that an inmate cannot bring a denial-of-access claim on behalf of another inmate who is able to bring such a claim in his or her own name. *See Hamm v. Moore*, 984 F.2d 890, 893 (8th Cir.1992); *Flittie v. Solem*, 827 F.2d 276, 279–81 (8th Cir.1987) (per curiam). Appellants asserted only that the quality of the legal assistance received by inmates in the closed units was impaired by prison policies. Nowhere did they assert that inmates in the closed areas were prevented from receiving legal assistance or that they were unable to make such claims themselves. Thus, appellants lacked standing to bring these claims.

■ As to the claims that appellants' access to the courts was impaired, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (footnote omitted). Appellants' reliance on *Sands v. Lewis*, 886 F.2d at 1171, is misplaced. Unless inmates are denied complete access to the law library, which appellants here have not alleged, they must assert actual injury or prejudice. *See Strickler v. Waters*, 989 F.2d 1375, 1384–85 (4th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir.1993). Thus, appellants' denial-of-access claims were properly dismissed. Their grievance, equal protection, and due process claims are also without merit.

PRELIMINARY INJUNCTIVE RELIEF

■ Although this court does not have jurisdiction to review denials of temporary restraining orders, *see In re Champion*, 895

F.2d 490, 492 (8th Cir.1990), appellants' motions also requested preliminary injunctive relief, the denials of which we may review for abuse of discretion. *See Edudata Corp. v. Scientific Computers, Inc.,* 746 F.2d 429, 430 (8th Cir.1984) (per curiam).

██ We disapprove of the procedure used by the magistrate judge to conduct what appears to be an independent investigation of plaintiffs' TRO motions. In *Gentile v. Missouri Department of Corrections & Human Resources,* 986 F.2d 214, 217–18 (8th Cir. 1993), we admonished the court to discontinue similar ad hoc conferences. We now instruct the magistrate judge to reread *Gentile,* and further admonish the magistrate judge that the continuation of such procedures, which do not conform to the Federal Rules of Civil Procedure, will no longer be tolerated in this circuit.

Notwithstanding our concern with the process employed by the magistrate judge, we believe, on the basis of the written record, that the denial of the motions for preliminary injunctions did not constitute an abuse of discretion.

Accordingly, we affirm the orders of the district court dismissing the amended complaint and denying preliminary injunctive relief.