61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Kenneth Paul MUETZE; Steve Duncan, Appellants,
v.
Walter D. MILLER, Governor of South Dakota; Lynne Delano,
Secretary of Corrections; Walter Leapley, Warden of the
States Penitentiary; Edward Lightenberg, Associate Warden
of the Jameson Facility, Appellees.
 No. 94-3695.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1995.
Filed: July 17, 1995.
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 South Dakota inmates Kenneth Muetze and Steve Duncan appeal from the final judgment entered in the District Court[1] for the Southern District of South Dakota dismissing their 42 U.S.C. Sec. 1983 complaint seeking a law library for inmates at the Jameson annex of the South Dakota State Penitentiary. The district court dismissed the complaint without prejudice upon learning plaintiffs no longer resided at Jameson, noting plaintiffs had not claimed any actual injury or prejudice and had achieved the law library access they sought. For reversal, plaintiffs argue they brought a class action lawsuit on behalf of all Jameson inmates, and that the state-hired attorney available to Jameson inmates on a weekly basis was inadequate. We affirm the judgment of the district court.
 
 
 2
 The constitutional right of access to the courts requires prison officials to provide inmates with adequate law libraries or adequate assistance from persons trained in the law. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). Inmates not claiming they are denied complete access to law books or legal assistance must assert actual injury or prejudice resulting from the limited access. Id. Muetze and Duncan did not allege they were denied complete access to legal assistance, and they did not allege any injury.
 
 
 3
 Because plaintiffs did not allege any of the requirements set out in Fed. R. Civ. P. 23, the district court did not err in treating this matter as an individual rather than class action. See Roby v. St. Louis Southwestern Ry., 775 F.2d 959, 961 (8th Cir. 1985) (requirements of Rule 23 must be strictly applied in all class actions).
 
 
 4
 The district court did not abuse its discretion in denying plaintiffs' request for appointment of counsel. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (factors in determining whether indigent litigant needs appointed counsel include: factual and legal complexity, indigent's ability to investigate facts and present claim, and existence of conflicting testimony), cert. denied, 504 U.S. 930 (1992).
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable John B. Jones, United States Senior District Judge for the Southern District of South Dakota