**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2440

_____

| | | |
|---|---|---|
| Kraig M. Lager, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Mike Kemna; John/Jane Doe, | * | Western District of Missouri. |
| Supervisor of the Mailroom of the | * | |
| WMCC, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: November 19, 1997
Filed: December 15, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


Kraig Lager, a Missouri inmate, appeals from the order of the District Court[1] dismissing his 42 U.S.C. § 1983 (1994) action against Mike Kemna, the superintendent of the Western Missouri Correctional Center (WMCC), and an unnamed mailroom supervisor at WMCC. We affirm.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Lager alleged that defendants violated his First and Fourteenth Amendment rights by confiscating mail sent to him from another inmate. The mail consisted of two documents related to the other inmate's lawsuits and was sent so that Lager could assist the other inmate in preparing court filings. Kemna filed a motion to dismiss Lager's complaint for failure to state a claim and attached the WMCC regulation under which Lager's mail was seized, which allows inmates to "only possess their own legal material." The District Court dismissed the action with prejudice, concluding that the prison regulation was reasonably related to the legitimate penological interests of preventing extortion and blackmail and avoiding tension among inmates.

This Court reviews de novo the District Court's dismissal for failure to state a cause of action. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994). We agree with the District Court that, as a matter of law, the prison regulation was reasonably related to prison security concerns and was not an exaggerated response to those concerns. See Turner v. Safley, 482 U.S. 78, 89-91 (1987). We reject Lager's contention that the District Court improperly converted the motion to dismiss into one for summary judgment by considering the regulations; the pleadings recited the pertinent part of the regulation. Cf. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992) (holding District Court should have treated motion to dismiss as one for summary judgment where matters outside pleadings were considered, but noting consideration of matters outside pleadings is harmless if nonmoving party had adequate opportunity to respond and material facts were neither disputed nor missing from record).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-