133 F.3d 922
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kraig M. LAGER, Appellant,
v.
Mike KEMNA; John/Jane Doe, Supervisor of the Mailroom of
the WMCC, Appellees.
 No. 97-2440.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 19, 1997
Filed Dec. 15, 1997.
 
 1
 Before FAGG, BOWMAN, and MURPHY, JJ.
 
 PER CURIAM
 
 2
 Kraig Lager, a Missouri inmate, appeals from the order of the District Court[1] dismissing his 42 U.S.C. § 1983 (1994) action against Mike Kemna, the superintendent of the Western Missouri Correctional Center (WMCC), and an unnamed mailroom supervisor at WMCC. We affirm.
 
 
 3
 Lager alleged that defendants violated his First and Fourteenth Amendment rights by confiscating mail sent to him from another inmate. The mail consisted of two documents related to the other inmate's lawsuits and was sent so that Lager could assist the other inmate in preparing court filings. Kemna filed a motion to dismiss Lager's complaint for failure to state a claim and attached the WMCC regulation under which Lager's mail was seized, which allows inmates to "only possess their own legal material." The District Court dismissed the action with prejudice, concluding that the prison regulation was reasonably related to the legitimate penological interests of preventing extortion and blackmail and avoiding tension among inmates.
 
 
 4
 This Court reviews de novo the District Court's dismissal for failure to state a cause of action. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir.1994). We agree with the District Court that, as a matter of law, the prison regulation was reasonably related to prison security concerns and was not an exaggerated response to those concerns. See Turner v. Safley, 482 U.S. 78, 89-91 (1987). We reject Lager's contention that the District Court improperly converted the motion to dismiss into one for summary judgment by considering the regulations; the pleadings recited the pertinent part of the regulation. Cf. Gibb v. Scott, 958 F.2d 814, 816 (8th Cir.1992) (holding District Court should have treated motion to dismiss as one for summary judgment where matters outside pleadings were considered, but noting consideration of matters outside pleadings is harmless if nonmoving party had adequate opportunity to respond and material facts were neither disputed nor missing from record).
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 6
 A true copy.
 
 
 
 [1]
 The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri