# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1371

_____

Ralph Green, and all other persons    *
similarly situated, who are or in the    *
future may be confined in MECC;    *
Mark Jackson; Bob Metcalf; Larry    *
Hays; Dwight Couch; Harold Johnson;    *
Richard Hamil; James Orebaugh; David    *
Carr; Billy Mudd,    *
   *
       Plaintiffs,    *
   *
Donald Moore,    *
   *   Appeal from the United States
       Appellant,    *   District Court for the
   *   Eastern District of Missouri
Larry Coffman; Rodney L. McKown;    *
Gary Lee Skelton; David Corcoran;    *     [UNPUBLISHED]
Earl Wilkerson,    *
   *
       Movants,    *
   *
     v.    *
   *
Paul D. Caspari; Dora Shriro; Dick    *
Moore; Gene Stubblefield,    *
   *
       Appellees.    *

_____

Submitted: June 5, 1998
Filed: June 25, 1998

_____

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____


PER CURIAM.

In July 1997, the district court[1] granted, pursuant to 18 U.S.C. § 3626(b) and Federal Rule of Civil Procedure 60(b), defendant prison officials' motion to terminate a 1986 consent decree entered into between the Missouri Department of Corrections and a class of prisoners confined in the Missouri Eastern Correctional Center. In September 1997, inmate Billy Mudd, who was not a named plaintiff in the class action suit, filed a Rule 60(b) motion to set aside the order terminating the consent decree, arguing that not a single plaintiff had been served with notice of the motion to terminate. The district court summarily denied Mudd's motion, as well as Mudd's subsequent Rule 59(e) motion. Inmate Donald Moore, who was also not an original named plaintiff, appeals the denials of Mudd's Rule 60(b) and 59(e) motions. He also has moved to substitute another inmate in his place to act as "counsel" for the class.

We conclude that Moore has no standing to appeal the denial of Mudd's motions. Cf. Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 680 (8th Cir. 1992) (unnamed class member must first move to intervene as condition for standing to appeal final order approving class action settlement or imposing judgment), cert. denied, 507 U.S. 908 (1993); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (inmate may not bring claim on behalf of other inmate who is able to bring claim). We deny Moore's motion to substitute all class members as appellants and for an inmate to act as counsel for the class.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Accordingly, we dismiss the appeal.


A true copy.

    Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.