# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2784

_____

| | | |
|---|---|---|
| Larry A. Eaton, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Robert Dooley, Warden, Springfield | * | |
| State Prison, individually and in his | * | [UNPUBLISHED] |
| official capacity; Darrel Sylkhuis, | * | |
| Colonel, individually and in his official | * | |
| capacity; Michael Muller, Unit | * | |
| Manager, individually and in his | * | |
| official capacity; Lee Kaufenberg, | * | |
| Guard, individually and in his official | * | |
| capacity; William Janklow, Governor | * | |
| of the State of South Dakota; Jeff | * | |
| Bloomberg, Secretary, South Dakota | * | |
| Department of Corrections; Douglas | * | |
| Weber, Warden, South Dakota State | * | |
| Penitentiary, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: August 4, 2000
Filed: August 9, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Larry A. Eaton, a South Dakota inmate, brought this 42 U.S.C. § 1983 suit alleging claims for (1) denial of access to the courts based on closure of his prison's law library in favor of providing contract attorneys to assist inmates with their legal needs, and (2) retaliation based on his having filed lawsuits both for himself and for other inmates. He now appeals the District Court's[1] adverse grant of summary judgment. Having carefully reviewed the record and the parties' briefs, see Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (standard of review), we affirm.

We agree with the District Court that defendants were entitled to qualified immunity from damages in their individual capacities, as it was objectively reasonable for defendants to institute and implement a new inmate legal-assistance program. See Lewis v. Casey, 518 U.S. 343, 352-53 (1996) (envisioning that experimental inmate legal program would remain in place until an inmate could show nonfrivolous legal claim had been frustrated); Walden v. Carmack, 156 F.3d 861, 869 (8th Cir. 1998) (in determining whether qualified immunity applies, objective reasonableness of defendants' actions must be assessed in light of clearly established law when action occurred).

As to the official-capacity claims, we also agree with the Court that Eaton failed to establish that his own lawsuits were dismissed because of the challenged legal services. See Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) (based on principles of standing, inmate must prove actual injury to prevail); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994) (inmate cannot bring denial-of-access claim on behalf of another inmate who is able to bring such claim in his own name). Further, we find Eaton's retaliation claim based on his jailhouse lawyering fails, because

---

[1]The Honorable Lawrence L. Piersol, Chief Judge, United States District Court for the District of South Dakota.

inmates have no constitutional right to assist other inmates in filing lawsuits. <u>See</u> <u>Rouse</u>, 193 F.3d at 941. As to his claim that he was transferred and his property was confiscated in retaliation for filing his own lawsuits, Eaton did not show that the transfer would not have occurred but for the lawsuits, <u>see</u> <u>id.</u> at 940; a pre-transfer hearing was not required, <u>see</u> <u>Freitas v. Ault</u>, 109 F.3d 1335, 1337-38 (8th Cir. 1997); and Eaton's property was confiscated because it violated prison policies based on space limitations and security, <u>see</u> <u>Herlein v. Higgins</u>, 172 F.3d 1089, 1090 (8th Cir. 1999) (prison policies survive constitutional challenge if reasonably related to legitimate penological interest).

We also deny Eaton's post-appeal motion.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-