**GEOSPAN CORPORATION, Plaintiff,**

v.

**PICTOMETRY INTERNATIONAL CORPORATION, Defendant.**

**Civ. No. 08–816 ADM/JSM.**

United States District Court, D. Minnesota.

Aug. 7, 2008.

Charles H. De La Garza, Esq., Chaz De La Garza & Associates, LLC, and Laura J. Borst, Esq., Fulbright & Jaworski L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Joseph P. Titterington, Esq., and D. Ward Hobson, Esq., Dunlap, Codding & Rogers, P.C., Oklahoma City, OK, and Rachel K. Zimmerman, Esq., Merchant & Gould P.C., Minneapolis, MN, on behalf of Defendant.

## MEMORANDUM OPINION AND ORDER

ANN D. MONTGOMERY, District Judge.

### I. INTRODUCTION

On July 31, 2008, the undersigned United States District Judge heard argument on Defendant Pictometry International Corporation's ("Pictometry") Motion to Dismiss [Docket No. 10] Counts II and III of Plaintiff Geospan Corporation's ("Geospan") Complaint [Docket No. 1]. For the reasons set forth below, Pictometry's Motion is granted.

### II. BACKGROUND

Pictometry and Geospan are competitors in the photogrammetry[1] industry. Both companies own photogrammetry patents.

---

**1.** Photogrammetry is "the science of making reliable measurements by the use of photographs and esp. aerial photographs (as in surveying)." Webster's New Collegiate Dictionary (1977).

Geospan owns U.S. Patent No. 5,633,946 ("the '946 Patent"), entitled "Method and Apparatus for Collecting and Processing Visual and Spatial Information From a Moving Platform." Compl. ¶ 7, Ex. A. Pictometry owns U.S. Patent No. 5,247,356 ("the '356 Patent"), entitled "Method and Apparatus for Mapping and Measuring Land." *Id.* ¶ 11, Ex. B.

On January 29, 2008, Pictometry's outside counsel sent Geospan's president a letter identifying the '356 Patent and stating that:

> Pictometry has reviewed your website and from the information on your website, it seems that the GEOVISTA oblique imagery products may incorporate the technology covered by this patent.... We would appreciate it if you would review the attached patent and let us know specifically how your oblique imagery products and services differ from the patented technology.

*Id.* Ex. C. Pictometry attached a 2006 claim construction order from litigation in the United States District Court for the Western District of Oklahoma. *Id.* Ex. C. In the Oklahoma litigation, Pictometry alleged that two other companies in the photogrammetry industry infringed the '356 Patent. *Id.* ¶ 13.

In a February 7, 2008, letter to Pictometry's counsel, Geospan's president stated that "I have forwarded your request for information to our attorney for input and we will provide a detailed response as soon as possible." *Id.* Ex. D. As of March 10, 2008, Pictometry had not received any further communication from Geospan. *Id.* Ex. E. As a result, Pictometry's counsel sent Geospan's president a March 10, 2008, letter stating that:

> While my client appreciates the relative complexity inherent in comparing your

technology to the claims of the ['356] patent, we believe that more than enough time has passed to enable you and your attorney to complete such an analysis.

> Accordingly, we request that you or your counsel provide the promised "detailed response" on or before March 24, 2008.

*Id.*

On March 20, 2008, Geospan initiated this litigation. Count I of Geospan's Complaint alleges Pictometry has infringed Geospan's '946 Patent by marketing services for the collection of visual and spatial information from a moving platform. Count II seeks a declaratory judgment that Geospan has not infringed Pictometry's '356 Patent. Count III seeks a declaratory judgment that Pictometry's '356 Patent is invalid.

## III. DISCUSSION

### A. Standard of Review

Pictometry moves to dismiss Counts II and III for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2] Specifically, Pictometry contends that Geospan has failed to state a case or controversy under Article III of the Constitution. On a motion to dismiss under Rule 12(b)(1), a defendant may challenge the complaint on its face, or the defendant may contest the truthfulness of the alleged facts. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Here, Pictometry challenges the facial validity of the Complaint. Thus, the Court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion under Rule

**2.** Pictometry also moves to dismiss under Rule 12(b)(6). Pictometry's counsel conceded at oral argument that its Rule 12(b)(6) argu-

ment collapses into its Rule 12(b)(1) argument.

12(b)(6)." *Id.* (citations omitted). In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. *Hamm v. Groose,* 15 F.3d 110, 112 (8th Cir.1994); *Ossman v. Diana Corp.,* 825 F.Supp. 870, 879–80 (D.Minn.1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. *Ossman,* 825 F.Supp. at 880.

The Supreme Court in *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007), recently addressed the standard for declaratory judgment jurisdiction in patent cases. The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests"; "real and substantial"; and "admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 771 (quotation omitted). In short, the question " 'is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). The Federal Circuit has held that a substantial controversy exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." *SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372, 1381 (Fed.Cir.2007).

**B. Pictometry's Motion**

Pictometry contends that Counts II and III of Geospan's Complaint do not satisfy the *MedImmune* standard for declaratory judgment jurisdiction. Pictometry argues that its two letters to Geospan do not create a substantial controversy because Pictometry has not taken a position on whether Geospan has infringed the '356 Patent. In response, Geospan argues that a substantial controversy exists because: (1) Pictometry stated that Geospan's product may incorporate the technology covered by Pictometry's '356 Patent; (2) Pictometry demanded that Geospan respond by March 24, 2008; and (3) Pictometry initiated litigation enforcing the '356 Patent against two other competitors in the photogrammetry industry.

Geospan argues that *MedImmune* and subsequent case law demonstrate that the standard for declaratory judgment jurisdiction is easily met. However, although *MedImmune* lowers the bar for declaratory judgment jurisdiction, a substantial controversy is still required. In the post-MedImmune authorities relied on by Geospan, a patentee has either demonstrated a preparedness to litigate against the prospective declaratory judgment plaintiff, accused the prospective declaratory judgment plaintiff of infringement, affirmatively asserted its rights to license fees, or engaged in some combination of all three. For example, in *Micron Technology, Inc. v. MOSAID Technologies, Inc.,* 518 F.3d 897 (Fed.Cir.2008), MOSAID stated in its annual report that it believed all of its competitors were infringing its patents and MOSAID announced in an analyst conference call that it would be "unrelenting" in asserting its patent portfolio against competitors. *Id.* at 900. MOSAID negotiated licenses or initiated litigation against all of its major competitors except for Micron. *Id.* at 901. MOSAID also had sent warning letters strongly suggesting that Micron should license MOSAID's technology. *Id.* at 899. Under these circumstances, the Federal Circuit found that the record demonstrat-

ed a "substantial controversy" between the parties under the *MedImmune* standard.

Similarly, courts have found a substantial controversy where there is a history of litigation between the parties regarding the same patent and the circumstances indicate that additional litigation is possible. *Astec Am., Inc. v. Power–One, Inc.,* No. 6:07–cv–464, 2008 WL 1734833, at *7 (E.D.Tex. April 11, 2008); *Cimline, Inc. v. Crafco, Inc.,* Civ. No. 07–3997, 2007 WL 4591957, at *4 (D.Minn. Dec. 28, 2007) (Kyle, J.). A substantial controversy has also been found where patentees made direct accusations of infringement or demanded licensing fees. *SanDisk,* 480 F.3d at 1382; *Crutchfield New Media, LLC v. Charles E. Hill & Assocs., Inc.,* No. 1:06–cv–0837, 2007 WL 1320750, at *2 (S.D.Ind. May 4, 2007).

The instant case is distinguishable because Pictometry has not demonstrated an intent to litigate against Geospan, has not accused Geospan of infringement, and has not demanded licensing fees. There is no evidence that Pictometry has pursued litigation against Geospan. Considering all the circumstances, the Court finds there is no substantial controversy regarding the '356 Patent supporting declaratory judgment jurisdiction. Specifically, Pictometry has not yet established *any* position on whether Geospan infringes the '356 Patent. Pictometry's letter to Geospan was a means of gathering information regarding potential infringement, not an assertion of an already determined legal interest adverse to Geospan. Therefore, because the parties have not established positions of adverse legal interests, there is no substantial controversy regarding the '356 patent. Accordingly, this Court does not have subject matter jurisdiction over Counts II and III of Geospan's Complaint.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Pictometry International Corporation's Motion to Dismiss [Docket No. 10] Counts II and III of Plaintiff Geospan Corporation's Complaint [Docket No. 1] is **GRANTED;** and

2. Counts II and III of Geospan Corporation's Complaint are **DISMISSED WITHOUT PREJUDICE.**