*RECOMMENDED FOR FULL-TEXT* PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0019P (6th Cir.)
File Name: 00a0019p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

SARAH GABLE,
    *Plaintiff-Appellee,*

    *v.*

RONALD G. LEWIS; KENNETH
T. WOEHRMYER,
    *Defendants-Appellants,*

ROGER HANNAY, et al.,
    *Defendants.*



No. 98-3819

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 96-00973—Susan J. Dlott, District Judge.

Argued: November 3, 1999

Decided and Filed: January 13, 2000

Before: MERRITT and NELSON, Circuit Judges;
COHN,* District Judge.

_____

*The Honorable Avern Cohn, United States District Judge for the
Eastern District of Michigan, sitting by designation.

————————————

**COUNSEL**

**ARGUED:** Todd R. Marti, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellants. Alphonse A. Gerhardstein, LAUFMAN, RAUH & GERHARDSTEIN, Cincinnati, Ohio, for Appellee. **ON BRIEF:** Jeffery W. Clark, Allen P. Adler, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS LITIGATION SECTION, Columbus, Ohio, for Appellants. Alphonse A. Gerhardstein, LAUFMAN, RAUH & GERHARDSTEIN, Cincinnati, Ohio, for Appellee.

MERRITT, J., delivered the opinion of the court, in which COHN, D. J., joined. NELSON, J. (pp. 7-9), delivered a separate dissenting opinion.

————————————

**OPINION**

————————————

MERRITT, Circuit Judge. In this § 1983 case, plaintiff Sara Gable, who operates an automobile towing company in Lebanon, Ohio, claimed that the defendant, Ronald Lewis, an official of the Ohio Highway Patrol, retaliated against her by removing her from the patrol's towing referral list because she had filed with the state agency an official written complaint of sex discrimination in the allocation of the patrol's automobile towing business. Her retaliation claim was brought as a violation of the petition clause of the First Amendment which bars government from "abridging . . . the right of the people . . . to petition the government for a redress of grievances." After a three-day trial, the jury found that the defendant was guilty of violating the petition clause when he removed her from the towing list in retaliation for filing her discrimination complaint. The jury awarded damages of $55,000. On appeal, we take as true these facts as found by the jury.

The defendant presents two issues of law on appeal: *First*, he argues that the petition clause is inapplicable to her grievance filed with the patrol because "only speech concerning matters of 'public concern' is protected from retaliatory conduct" by the petition clause and that plaintiff's discrimination complaint is personal to her and is not such a matter of "public concern," as required by *Connick v. Myers*, 461 U.S. 138, 145-48 (1983). *Second*, he argues that the defendant is entitled to qualified immunity because the "constitutional right [asserted] must be clearly established in a particularized sense" under *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), in order for a state official to be held personally liable in damages for a constitutional tort and that the constitutional right claimed in this case under the petition clause was not "clearly established" at the time of the retaliatory conduct.

Although historically the right of "petition" was confined to seeking legislative or judicial relief, *see* Higginson, *A Short History of the Right to Petition Government for the Redress of Grievances,* 96 YALE L. J. 142 (1986), and although some scholars insist that the scope of the petition clause should remain so limited through judicial interpretation, Strauss, *Public Employees' Freedom of Association*, 61 FORDHAM L. REV.473, 486 (1992), the Supreme Court has held to the contrary. In *California Transport v. Trucking Unlimited*, 404 U.S. 508, 510 (1972), the Court, after explaining the philosophy underlying the petition clause, said that the "same philosophy governs the approach of citizens or groups of them to administrative agencies," and concluded that "the right to petition extends to all departments of the Government." In extending the right of petition to administrative agencies, the Court stated "that it would be destructive of rights of association and of petition to hold that groups with common interests may not . . . use the channels and procedures of state and federal agencies and courts to advocate their causes and points of view respecting resolution of their business and economic interests *viz-a-viz* their competitors." *Id.* at 510-11. The petition clause is analytically distinct from, although related to, the free speech

clause; and the *California Transport* case clearly establishes that the submission of complaints and criticisms to nonlegislative and nonjudicial public agencies like a police department constitutes petitioning activity protected by the petition clause.

The question before us is whether we should read into the petition clause the "public concern" test established in *Connick v. Myers*, 461 U.S. 138, 145-48 (1983), a case brought by a public employee under the speech clause of the First Amendment. In *Connick* the Court said that a governmental agency may discipline or impose punishment against a public employee for speech if the sanctioned speech is a matter of "private" concern rather than "public concern." The Court made it clear that the reason for this distinction between "private" and "public" matters is to enable governmental agencies, like private employers, to maintain order, discipline and civility in the workplace and to allow supervisory officials to discipline employees for offensive, insulting, or disruptive speech unrelated to expressions of opinion about policy matters. On the other hand, the Court sought to retain the right of all citizens, including public employees, to comment and express their views on matters of governmental policy. In *Connick*, the Court did not apply the "public concern" test to the petition clause, nor has it decided since *Connick* a case raising that point. Nor has the Court applied the test to citizens who are not governmental employees.

We believe that the law is clearly established that the "public concern test" does not apply to the petitioning activity in the instant case. *First*, in the *California Transport* case the Supreme Court included within the scope of the petition clause complaints "respecting resolution of their [petitioners'] business and economic interests . . . ." 404 U.S. at 511. Thus, the petition clause itself is not generally limited to matters of "public concern" as described in the *Connick* case but includes the petitioner's private business interests. *Second*, the reason for the "public concern" test in *Connick*— to maintain order and avoid disruption in the governmental

One relationship "analogous to an employment relationship," as it happens, is the relationship between a police force and a towing company to which the police force has historically referred business. See *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049 (2d Cir. 1993), where the Second Circuit assumed for First Amendment analysis purposes that the assignment of work to a towing company by the New York State Police "was tantamount to employment." *Id*. at 1059.

The towing company that brought the *White Plains* suit could not recover damages for an allegedly retaliatory termination of its referral arrangement, the Second Circuit held, absent a showing that the "speech" for which the company claimed it had been delisted – primarily demands for an increase in towing referrals – rose to the dignity of "comments upon a matter of public concern." *Id*. It was partly because the communications at issue flunked the public-concern test that a judgment entered in favor of the plaintiff towing company was reversed by the Second Circuit.

We must, of course, give defendants the benefit of the qualified immunity doctrine in any case where the doctrine is properly raised and to which it properly applies. The doctrine applies, as I understand it, with respect to any legal issue on which there is no controlling Supreme Court or circuit precedent and on which "officers of reasonable competence could disagree. . . ." See *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The underlying issue in the case at bar – whether the First Amendment prohibits termination of a business relationship in retaliation for the assertion of a private grievance – is one on which there has heretofore been no controlling Supreme Court or Sixth Circuit authority and as to which federal judges of reasonable competence could disagree and in fact have disagreed. Because I do not think we ought to require Highway Patrol officers to be more prescient than Article III judges when it comes to divining future developments in the law, I would recognize the defendants' right to qualified immunity here.

late as March of 1997 – some seven months after Ms. Gable's name was removed from the towing referral list – a judge of this court was able to maintain without qualification that "the right to petition is limited to matters of public concern." See *Valot v. Southeast Local School District Board of Education*, 107 F.3d 1220, 1226 (6th Cir. 1997) (lead opinion by Engel, J.). Judge Engel marshalled a number of cases in support of this point of view, and noted only one case – *San Filippo v. Bongiovanni*, 30 F.3d 424, 440-43 (3d Cir. 1995) – to the contrary. *Id*.

It is true that the other members of the *Valot* panel (Merritt and Ryan, JJ.) disagreed with Judge Engel. Judge Ryan reached the same result by a different analytical route, see *Valot*, 107 F.3d at 1230-31 (Ryan, J., concurring), and Judge Merritt, in dissent, said that he would follow *San Filippo*. *Valot*, 107 F.3d at 1234 (Merritt, J., dissenting). But if reasonable members of this court could disagree in March of 1997 over the applicability of the public-concern test in the Petition Clause context, how can we say that the law was so clearly established seven months earlier that there was no room at that time for disagreement among reasonable Highway Patrol officials?

I must acknowledge, to be sure, that the *Valot* plaintiffs – untenured substitute bus drivers – were sometime employees of the public body that stood accused of having retaliated against them, while Ms. Gable was not an employee of the Ohio State Highway Patrol. But as the Court of Appeals for the Fifth Circuit observed in *Blackburn v. City of Marshall*, 42 F.3d 925, 932 (5th Cir. 1995), "[a]lthough the *Pickering/Connick* [public-concern] test arose in the context of public employment, courts have not strictly cabined its application. . . . Courts have extended [its] analysis to cases involving relationships analogous to an employment relationship." See, in this connection, *Copsey v. Swearingen*, 36 F.3d 1336, 1344 (5th Cir. 1994) (a blind operator of a concession stand in a public building "was more like a public employee than an ordinary citizen," so the public-concern test had relevance to his situation).

workplace — does not apply in this case because the plaintiff was not a governmental employee subject to the discipline of a governmental employer. She was simply a citizen offering services to a state agency. Since the reason for the test is missing in the present case — maintaining order in the governmental workplace — the test should not be applied here, and the district court was correct in not including in its instructions to the jury a limitation on liability based on the *Connick* public concern test. *Third*, we find no authority in the Sixth Circuit limiting petitioning activity by public employees to matters of "public concern" either generally or in the governmental employment context. In *Valot v. Southeast Local School District Board of Education*, 107 F.3d 1220 (1997), one judge believed that the petition clause should be so limited in actions by public employees against their employers, but two other judges of the court did not agree. *See also San Filippo v. Bongiovanni*, 30 F.3d 424 (3rd Cir. 1995)(holding that the "public concern" test does not apply to petitioning public employees), discussed and analyzed extensively in Shea, *San Filippo v. Bongiovanni: The Public Concern Criteria and the Scope of the Modern Petition Right*, 48 VAND. L. REV.1697 (1995), and *Thaddeus-X v. Blatter*, 175 F.3d 378, 392 (6th Cir. 1997, en banc)(holding that a prisoner's right to petition the government for redress of grievances is not subject to the public concern limitation imposed in free speech actions involving public employees). Thus there is no basis in our First Amendment jurisprudence for applying *Connick's* public concern test to petitioning activity by a private business woman who is simply supplying services to a governmental agency as an independent contractor.

The fact that there is a judge somewhere, as imagined by our dissenting colleague, who in this case might conclude erroneously that a private citizen like plaintiff, who tows cars for a living and receives no compensation from the state, is "tantamount" or "analogous" to a government employee, does not persuade us. After many years watching judges, we agree that a judge or judges somewhere might so conclude. But when such a ruling would be clearly contrary to a Supreme

Court case like *California Transport*, *supra*, and entirely inconsistent with the Supreme Court's orderly-public-workplace reasoning in the *Connick* case, we should not be dissuaded by the error of such a hypothetical judge. This is especially true when we recognize that government retaliation for filing a petition violates the literal language of the Petition Clause which forbids "abridging . . . the right of the people . . . to petition the government for a redress of grievances." Most cases can be imagined to be "tantamount" or "analogous" to some other case. We should not split hairs when the conduct literally violates the language of the Petition Clause and when the Supreme Court seems to be clear on the subject.

For these reasons, we conclude that the law interpreting the petition clause protects the plaintiff in filing a complaint with the Ohio Highway Patrol claiming sex discrimination, and this law was clearly established prior to the retaliatory conduct found by the jury in the present case. We also conclude that the law was clearly established that the "public concern" test does not apply to plaintiff's petitioning activity. Hence the doctrine of official immunity is inapplicable, and the jury verdict should not be set aside for either of the two reasons advanced by the defendant.

Accordingly, the judgment of the district court is AFFIRMED.

————————————

## DISSENT

————————————

DAVID A. NELSON, Circuit Judge, dissenting. With the publication of the court's opinion in this case, it becomes a settled rule of law in the Sixth Circuit that even where a plaintiff cannot meet the "public concern" test of *Connick v. Myers*, 461 U.S. 138 (1983), government officials may not withdraw a business advantage in retaliation for the plaintiff's exercise of the First Amendment right to petition for a redress of grievances. It is unlikely, in my opinion, that the Supreme Court would disagree with our holding on this point.

I part company with my colleagues on the panel, however, when it comes to the proposition that the non-applicability of *Connick*'s public-concern test in Petition Clause cases had been clearly established by July of 1996, the point at which the name of towing company operator Sara Gable was removed from the Ohio State Highway Patrol's referral list.[1] And if the rule announced today was not clearly established in July of 1996 – in other words, if the state of the law was such that officials of reasonable competence could disagree as to the applicability of the public-concern test in a Petition Clause situation – the defendants are entitled to qualified immunity.

I am not prepared to say that the non-applicability of the public-concern test in Petition Clause cases was clearly established in mid-1996. To begin with, neither the Supreme Court nor the Sixth Circuit had ever decided the question. The answer given by this court today was not clearly foreshadowed by the Supreme Court's opinion in *California Transport v. Trucking Unlimited*, 404 U.S. 508 (1972), so as

———————————————————————

[1]Ms. Gable failed to prove that her sex was a motivating factor in her removal from the list, but we must take it as given, the jury having so found, that the filing of her complaint of sex discrimination was a motivating factor insofar as defendant Lewis was concerned.