# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1344

_____

Heritage Constructors, Inc.,    *
               *
    Appellant,      *
               * Appeal from the United States
 v.            * District Court for the
               * Western District of Arkansas.
City of Greenwood, Arkansas; Garry *
Campbell; Rod Powell; David Purifoy; *
Wayne Lowe; Daniel McDaniel;  *
Jerry Carter; Paul Rush,    *
               *
    Appellees.      *

_____

Submitted: September 26, 2008
Filed: November 3, 2008

_____

Before MURPHY, BOWMAN and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Heritage Constructors, Inc., sued the city (and officials) of Greenwood, Arkansas, for retaliation under the First and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Heritage alleged the city denied it a contract in 2005, because it exercised the right to petition by initiating arbitration on an earlier contract with the

city. The district court[1] granted summary judgment to the city. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In 1999 and 2000, Heritage built a wastewater treatment plant for the city. In 2001, Heritage invoked arbitration (the alleged First Amendment petitioning activity), seeking over $33,000 for a change in specifications. The city responded that Heritage did not follow the contractual provisions for the change. Heritage lost the arbitration proceeding.

In 2005, the city solicited bids to expand a water plant. Heritage was the lowest bidder. Based on the recommendation of an engineering firm, the city awarded the contract to the second lowest bidder. *See* **Ark. Code Ann. § 22-9-203(j)** (cities shall hire an independent professional to review contracts for water treatment systems). At the request of Heritage, the city attorney explained that it was not the lowest "responsible" bidder due to past adverse experience involving defective performance and extended litigation. *See* **Ark. Code Ann. § 22-9-203(j)(6)** (contract shall be awarded to the responsible bidder whose proposal is "most advantageous" to the city); **§ 22-9-203(d)** (contract shall be awarded to the "lowest responsible bidder" if city's best interests are served thereby).

Heritage alleges it was not awarded the contract in retaliation for the earlier arbitration, in violation of the First and Fourteenth Amendments. Heritage repeatedly states that the arbitration was not a matter of public concern.

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

-2-

The district court analyzed

- the "public concern" test of *Connick v. Meyers*, 461 U.S. 138, 147 (1983) ("when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior").

- the "balancing" inquiry of *Pickering v. Board of Education of Township High School 205*, 391 U.S. 563, 568, 573 (1968) (the governmental entity can demonstrate that its legitimate interests as an employer outweigh the employee's free speech interests); and,

- the "same decision" defense of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977) (the governmental entity has a defense if it would have made the same decision regardless of the protected conduct).

The district court found that the arbitration was a private financial interest of Heritage and not a matter of public concern. Reasoning that a matter of public concern is required to establish a petitioning claim for First Amendment retaliation, the court granted the city summary judgment without applying the other doctrines.

The grant of summary judgment is reviewed de novo. ***Johnson v. Ready Mixed Concrete Co.***, 424 F.3d 806, 810 (8th Cir. 2005). Summary judgment is appropriate if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. ***Id.***

II.

The Supreme Court has extended to government contractors the retaliation cause of action it had previously recognized for government employees. *See **Bd. of County Comm'rs v. Umbehr***, 518 U.S. 668, 673 (1996). The *Umbehr* opinion discusses only independent contractors whose contracts have been terminated. ***Id.*** at 671, 685. It specifically does not address "bidders or applicants for new government contracts who cannot rely on such a [pre-existing commercial] relationship [with the government]." ***Id.*** at 685. The companion opinion applies the *Umbehr* rule to "a regular provider of services." ***O'Hare Truck Serv. Inc., v. City of Northlake***, 518 U.S. 712, 715 (1996).

The threshold issue is whether Heritage had either a pre-existing commercial relationship with the city, or was a regular provider of services to it. Heritage had a previous commercial relationship with the city, and was a provider of services to it in the earlier contract – unlike the bidder in ***Oscar Renda Contracting, Inc. v. City of Lubbock***, 463 F.3d 378, 385-86 (5th Cir. 2006). Heritage's previous relationship with the city ended four years before the rejected bid – like the bidder in ***McClintock v. Eichelberger***, 169 F.3d 812, 816-17 (3d Cir. 1999), but unlike the bidder in ***Mangieri v. DCH Healthcare Auth.***, 304 F.3d 1072, 1076 (11th Cir. 2002). Most importantly, the city allegedly retaliated because of Heritage's petitioning about the previous contract – a distinction from *Oscar Renda*, *McClintock*, and *Mangieri*. Thus, the other circuit precedent is unhelpful.

The *O'Hare* case itself is instructive. The Supreme Court characterized the action against the contractor as being "removed from an official list of contractors authorized to perform public services." *See **O'Hare***, 518 U.S. at 714. Here, in view of Arkansas law favoring the lowest responsible bidder, the city's rejection of

-4-

Heritage's lowest bid based on a prior relationship had the same effect: removing Heritage from the official list of contractors authorized to provide construction services. On these facts, Heritage cannot be distinguished from the service provider in *O'Hare*.

To demonstrate a First Amendment violation, Heritage must show that it was not awarded the 2005 contract in retaliation for petitioning on a matter of public concern. *See **Umbehr**,* 518 U. S. at 675, *citing **Connick***, 461 U.S. at 146. Heritage objects that because it invokes the right to petition, not free speech, it does not have to show that its arbitration was a matter of public concern. Heritage relies on *Gable v. Lewis*, 201 F.3d 769, 771-72 (6th Cir. 2000), where the operator of a towing company filed a complaint with a state agency alleging sexual discrimination in allocating tows. Her name was then removed from the towing list. The Sixth Circuit did not require her to meet the "public concern" test because her case was based on the right to petition, not free speech. The Sixth Circuit emphasized the Supreme Court's holding that business and economic interests are protected by the petition clause. *See **Gable***, 201 F.3d at 771-72, *discussing **California Motor Transp. Co. v. Trucking Unlimited***, 404 U.S. 508, 510-11 (1972).

In this circuit, a public employee's right-to-petition claim must involve a matter of public concern, just as a freedom-of-speech claim must. *See **Hoffman v. Mayor, Councilmen & Citizens of Liberty***, 905 F.2d 229, 233-34 (8th Cir. 1990); **Gunter v. Morrison**, 497 F.3d 868, 872 (8th Cir. 2007). Most of the other circuits also disagree with the Sixth Circuit. *See **Cobb v. Pozzi***, 363 F.3d 89, 105-06 (2d Cir. 2003) (citing seven circuits). *But see **San Filippo v. Bongiovanni***, 30 F.3d 424, 440-43 (3d Cir. 1994). The *California Motor Transport* case does not address government retaliation, and moreover, holds that the right to petition does not give petitioners immunity for all types of petitioning. **California Motor Transp. Co.**, 404 U.S. at 513-14.

Because almost all the cases applying the "public concern" test are free speech claims of public employees, Heritage asserts that the test does not apply to petitioning claims by public contractors.  The *Umbehr* and *O'Hare* cases hold to the contrary, that the same framework and analysis apply to government contractors as to government employees.  ***Umbehr***, 518 U.S. at 677, 684-85; ***O'Hare***, 518 U.S. at 714-15, 722-23, 726.

Heritage insists that this circuit did not require the public concern test in several prisoner petition cases,[2] or in *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422 (8th Cir. 1986), which involved government retaliation for petitioning (a state court suit) about private business interests that were not indicated to be a matter of public concern.  The prisoner cases and *Harrison* are inapposite, as the governments were not acting in those cases as employers or contractors.  *See **Int'l Ass'n of Firefighters, Local No. 3808 v. Kansas City***, 220 F.3d 969, 973 (8th Cir. 2000) (distinguishing, in First Amendment matters, government's role as employer/contractor *from* government's role as a sovereign).

III.

Because Heritage does not allege that its arbitration was a matter of public concern, the district court properly granted summary judgment to the city.  The judgment is affirmed.

_____

---

[2] Heritage cites ***Madewell v. Roberts***, 909 F.2d 1203 (8th Cir. 1990)***; Sprouse v. Babcock***, 870 F.2d 450 (8th Cir. 1989); ***Flittie v. Solem***, 827 F.2d 276 (8th Cir. 1987); ***Sanders v. St. Louis County***, 724 F.2d 665 (8th Cir. 1983).